**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: ) | |
| ) | BANKRUPTCY NO. 19-20742-GLT |
| RICHARD J. ODDO, ) | |
| ) | CHAPTER 13 |
| Debtor, ) | |
| ) | |
| U.S. BANK TRUST NATIONAL ) | |
| ASSOCIATION AS TRUSTEE OF THE ) | |
| CABANA SERIES III TRUST, ) | |
| ) | Docket No. _____ |
| Movant, ) | |
| v. ) | |
| ) | |
| RICHARD J. ODDO AND ) | |
| RONDA J. WINNECOUR, TRUSTEE, ) | |
| ) | |
| Respondents. ) | |

**RESPONSE TO DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 9**

AND NOW, comes Respondent, U.S. Bank Trust National Association as Trustee of the Cabana Series III Trust, by and through counsel, Michael Mazack, Esquire and The Lynch Law Group, LLC and hereby files its Response to Debtor's Objection to Proof of Claim No. 9:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted in part and denied in part. It is admitted that the Court entered an Order approving a loan modification agreement for this obligation (the "Loan Modification Order"). It is denied that the Loan Modification Order modified the obligation between the parties. The Loan Modification Order is a written document which speaks for itself. Any attempt to characterize or qualify the content of the document is denied. It is further denied that the loan modification outlined in the Loan Modification Order was ever completed by Debtor. The loan modification was approved by the Court, however it was never formally executed by the Debtor, as he failed to provide the proper

signed documents to Ditech and the subsequent servicers. Additionally, Ditech filed a Notice of Mortgage Payment Change ("Notice") pursuant to 3002.1 on February 16, 2018, which became effective April 1, 2018. This Notice raised the monthly payment to $724.39, including escrow. Debtor never objected to this Notice, therefore the Notice further modified the terms of this obligation by increasing the monthly payment amount. *See Docket 15-24387-GLT Claims Register at Claim No. 3*.

    5.   Admitted.

    6.   Admitted.

    7.   Admitted in part and denied in part. It is admitted that the Chapter 13 Trustee filed her Final Report and Account. The Final Report written document which speaks for itself. Any attempt to characterize or qualify the content of the document is denied. Despite the Loan Modification Order and the Notice, Debtor paid varying monthly amounts decreasing from $1,300 to $297.88. Eventually, he ceased making payments in October 2018, before his first bankruptcy was dismissed. Since March 2018, his monthly payments consistently fell short of both the $642.93 approved by the 2017 Loan Modification order and the $724.39 due under the April 2018 Notice. In total, the Debtor made payments of $10,816.00 through from January 2017 through March 2018, and payments totaling $1,864.61 from April 2018 until February 2019 ($12,680.61 total). This is demonstrated by the Trustee's Final Report in the Prior Bankruptcy which shows that a total of $6,974.90 was paid to Ditech on this claim before the Loan Modification Order was entered, and an additional $12,680.61 was paid to Ditech thereafter. *See Objection Exhibit "3"*.

    8.   Admitted

    9.   Admitted.

    10.  Admitted in part and denied in part. It is admitted that U.S. Bank filed Proof of Claim No. 9. The Proof of Claim is written document which speaks for itself. Any attempt to characterize or qualify the content of the document is denied. It is denied that the loan modification was final or was required to be incorporated into the Claim.

11. Denied. It is denied that the loan modification was final or was required to be incorporated into the Claim or that the Claim does not include the payments paid to Ditech by Debtor's previous bankruptcy. The loan modification outlined in the Loan Modification Order was never executed by Debtor. Assuming that the 2017 Loan Modification Order did modify this agreement, the current outstanding principal balance due on this obligation would be approximately $96,231.43.[1] This is over $10,000 more than the $85,908.83 which the Debtor claims is owed. In order for Debtor to keep his payments current and avoid arrears under the Loan Modification Order, Debtor's payments would have had to total $17,612.24.[2] As demonstrated by Debtor's Exhibit 3 to the Objection, Debtor's payments fell short of this figure by $4,931.63. Additionally, $6,947.90 of the $19,655.51 paid to Ditech during Debtor's previous bankruptcy was paid to Ditech before the Loan Modification Order was entered. This amount was credited to the outstanding balance in the Loan Modification Order and should not be calculated into U.S. Bank's proof of claim No. 9 as payments received following the alleged loan modification.

WHEREFORE, Movants respectfully request that this Honorable Court overrule Debtors Objection to Proof of Claim No. 9 and grant all other relief as is just.

Dated: January 31, 2020                    Respectfully submitted,

                                                       THE LYNCH LAW GROUP, LLC

                                                       *Michael C. Mazack*
                                                       /s/ Michael C. Mazack
                                                       Michael C. Mazack Esq. Pa. I.D. #205742
                                                       501 Smith Drive, Suite 3
                                                       Cranberry Township, Pennsylvania 16066
                                                       Phone: (724) 776-8000
                                                       Email: *mmazack@lynchlaw-group.com*
                                                       *Attorney for Respondent*

---

[1] This figure is the sum of $642.39 multiplied by fifteen months (the time from 2017 Loan Modification until the rate was raised by the 2018 Notice) plus $724.39 multiplied by eleven months (the time from the 2018 Notice until the second Bankruptcy was filed).

[2] Id.